UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LOY DIXON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TRACTOR SUPPLY COMPANY,<br><br>　　　　　Defendant. | Case No.　1:24-cv-00197-JLT-EPG (PC)<br><br>ORDER GRANTING MOTION TO REMOVE ATTORNEY OF RECORD AND SUBSTITUTE PLAINTIFF IN *PRO PER*<br><br>(ECF No. 31)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO E-FILE DOCUMENTS<br><br>(ECF No. 30)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT BE DENIED<br><br>(ECF No. 21)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

**I.　INTRODUCTION**

　　Plaintiff Thomas Loy Dixon seeks to reopen his civil case, which was dismissed with prejudice on December 4, 2024, (ECF No. 20), pursuant to the parties' stipulation of dismissal with prejudice. (ECF No. 19). Plaintiff generally argues that his attorney coerced him into dismissing the case, and thus the Court should grant relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 21).

　　Additionally, Plaintiff moves to remove his former attorney as counsel on the record and

1

for Plaintiff to be substituted *in propria persona*. (ECF No. 31). Lastly, Plaintiff moves for permission to electronically file (e-file) documents. (ECF No. 30).

For the reasons explained below, the Court will order that: (1) Plaintiff's motion to remove his counsel on the record and for Plaintiff to be substituted *in pro per* be granted; and (2) Plaintiff's motion to e-file documents be denied. The Court will also recommend that Plaintiff's motion for relief for judgment be denied.[1]

## II. BACKGROUND

### A. Procedural History

On February 13, 2024, Defendant Tractor Supply Company removed this case from the Fresno County Superior Court. (ECF No. 1). Plaintiff was represented by counsel, Attorney Ellis Robin, and Plaintiff's complaint alleged premises liability and general negligence claims. (ECF No. 6). These claims stemmed from allegations that Plaintiff was seriously injured in April 2021 when he drove his vehicle onto Defendant's premises, which he alleges contained "an unmarked, unsecured and defective loading dock which appeared to be a continuation of the roadway," leading him to jump out of his vehicle to avoid plunging down into the loading dock. (*Id.* at 5).

The Court issued a scheduling order on May 14, 2024, and held a mid-discovery status conference on December 2, 2024. (ECF Nos. 13, 18). The day after the conference, on December 3, 2024, the parties submitted a stipulation of dismissal with prejudice, with each party to pay their own attorney fees and Defendant agreeing to waive any and all costs. (ECF No. 19). Pursuant to the stipulation, the Court directed the Clerk of Court to close the case on December 4, 2025. (ECF No. 20).

### B. Motion for Relief from Judgment

On October 22, 2025, over ten months after this case was closed, Plaintiff filed a *pro se* motion for relief from judgment under Rule 60(b), specifically relying on 60(b)(3), which permits relief based on an opposing party's fraud, and 60(b)(6), which permits relief for any other reason justifying relief. (ECF No. 21). The motion states that, "[o]n 10/31/24, Plaintiff's attorney, Ellis Paul Robin, coerced Plaintiff into signing a dismissal with prejudice, warning him that failure to do so would result in personal liability for opposing counsel's costs and prison time for insurance

---

[1] The assigned District Judge has referred the motion for relief from judgment. (ECF No. 22).

2

fraud without providing any explanation." (*Id.* at 1). Plaintiff's motion attaches a declaration that describes alleged misconduct by Attorney Robin.[2]

The declaration describes Attorney Robin's alleged behavior on October 31, 2024, the day of Plaintiff's deposition. (ECF No. 23, p. 1-2). Plaintiff states that Attorney Robin displayed "nervousness, agitation, anger, and an overall disposition where [Plaintiff] did not think he was effectively representing [Plaintiff]." (*Id.* at 1). When Plaintiff left the room to take a break during the deposition, Attorney Robin ended the deposition, and Plaintiff could hear Attorney Robin "speaking to opposing counsel in a way that sounded as if he [were] apologizing for [Plaintiff]." (*Id.* at 2). Attorney Robin packed his belonging to leave and was visibly upset when Plaintiff returned to the room. (*Id.*). According to Plaintiff, the following events unfolded:

> Mr. Robin told me that his job had turned into keeping me out of prison for insurance fraud and from being liable to pay all of the defendant's attorney fees and costs. He provided no explanation why he would come to that conclusion, and I was oblivious to his logic since my recollection of the events has not changed since I began working with my first attorney, Darrel Rustigian. (Mr. Robin took over the case when my first attorney, with whom I had been working for the first year and a half, became ill.)
>
> Mr. Robin left and did not return my phone calls thereafter.
>
> Some days later, I received an email stating he would be asking to be removed as my attorney.
>
> I was not informed by. Mr. Robin of alternative options to address the situation, such as motions to protect me from costs or sanctions, and I felt I had no choice but to sign a dismissal that a second attorney helped to facilitate as a favor to an attorney/judge friend of mine from church.
>
> The attorney I consulted with, like opposing counsel, did not report Mr. Robin's conduct to the California State Bar, even though it was highly unprofessional and alarming. This attorney stated unequivocally that I had been done wrong on many levels and that Mr. Robin had done things that would be difficult if not impossible to reverse to prejudice my claims.
>
> Mr. Robin is currently under active investigation by the California State Bar for fraud, gross negligence, and misconduct as a direct result of the complaint I filed in February 2025. The active part of the investigation has been ongoing since at least May 8, 2025.

---

[2] Defendant argues that Plaintiff's evidence was not properly authenticated. (ECF No. 26, pp. 7-8). However, the Court need not resolve any evidentiary disputes, because even considering Plaintiff's evidence, he is not entitled to relief.

> Because of Mr. Robin's misconduct, I lost the opportunity to fully and fairly present my claims. I was coerced into dismissing my case, and I respectfully seek relief from the judgment entered against me.

(*Id.*).

In addition to his declaration, Plaintiff has submitted documents related to Plaintiff's pending bar complaint against Attorney Robin. (*Id.* at 7-16).

### C. Opposition to Plaintiff's Motion for Relief from Judgment

On October 28, 2024, Attorney Robin filed a declaration stating as follows:

> In the interest of economy of judicial administration, my office categorically denies any and all allegations concerning myself and my office made by Plaintiff Loy Thomas Dixon, III in his Motion for Relief from Judgment in this matter filed on October 22, 2025, as well as in Plaintiff's Declaration filed on October 23, 2025.

(ECF No. 25, p. 2).

Additionally, on November 5, 2025, Defendant filed an opposition to Plaintiff's motion. (ECF No. 26). Defendant argues that Plaintiff cannot obtain relief under Rule 60(b)(3) because it requires fraud by an opposing party, rather than a party's own attorney. (*Id.* at 7). As for Rule 60(b)(6), Defendant argues that Plaintiff cannot show that extraordinary relief is warranted because Plaintiff knew of Attorney Robin's alleged misconduct before the dismissal and yet still agreed to dismiss his claims. (*Id.* at 9). Defendant also argues that Plaintiff's case was dismissed due to his own misconduct, and that Defendant would be prejudiced if the Court allowed Plaintiff to reopen the case. (*Id.* at 10).

Defendant also submits the declaration of defendant's attorney, Michael Carruth, supporting the motion and arguing that Plaintiff's underlying claims lacked merit. (ECF No. 26-1, p. 3). Mr. Carruth also represents that he negotiated the dismissal with another attorney, named Jason Helsel, who was assisting Plaintiff, although he had not been formally retained. (*Id.*) Mr. Carruth also states that Plaintiff himself requested dismissal of the lawsuit in an email to Attorney Helsel, forwarded to Attorney Carruth, stating as follows: "Hi, Jason. As we discussed, I'd like to have the lawsuit against Tractor Supply dismissed with prejudice in exchange for a waiver of any and all costs. Please facilitate Mr[.] Ellis Robin's signing of the stipulation as well. Thank you, again, for your help with this matter." (*Id.* at 5).

\\\

4

**D. Plaintiff's Reply in Support of the Motion for Relief from Judgment**

Plaintiff's reply, filed on November 26, 2025, generally repeats his arguments and allegations from his motion and declaration. (ECF No. 27). Plaintiff concedes that he sent the email agreeing to dismiss the case, but characterizes Attorney Helsel as "acting as a go-between in communications with defense counsel and Mr. Robin," and generally asserts that his agreement to dismiss the case was not properly informed. (*Id.* at 5-6).

In support of his reply, Plaintiff provides the declaration of Debra Cooper, described "as an advocate and support person for him and am also the author of a biographical manuscript about his life, which includes his business history, injuries, and efforts at recovery." (ECF No. 28, p. 1). The declaration describes Cooper's knowledge about Plaintiff's injuries, alleged "irregularities" in his medical records, and allegations concerning improper conduct by Mr. Robin during Plaintiff's deposition that do not materially differ from Plaintiff's allegations. (*Id.* at 1-5).

### III.    MOTION TO REMOVE ATTORNEY OF RECORD

The Court first addresses Plaintiff's motion to remove his counsel on the record and for Plaintiff to be substituted *in pro per*. (ECF No. 31). Generally, Plaintiff states that, because his counsel has not withdrawn from this case, and because Plaintiff wishes to "clarify representation status on the docket, and ensure that Mr. Robin cannot negatively affect the case further once the case is reopened," the Court should issue "an order relieving Ellis Paul Robin as attorney of record and substituting Plaintiff, Loy Thomas Dixon III, to appear *in propria persona* in all future proceedings." (*Id.* at 2).

The Court will grant the motion. Plaintiff is entitled to proceed *pro se*, and Plaintiff's current motion is adverse to Attorney Robin.[3]

### IV.    MOTION TO E-FILE DOCUMENTS

The Court next addresses Plaintiff filed a motion to e-file documents. (ECF No. 30). Plaintiff asks the Court to grant him permission to e-file documents, notwithstanding his *pro se* status, because e-filing "would significantly increase the accuracy and efficiency of Plaintiff's filings" and he has the resources to e-file documents.

---

[3] To ensure that Attorney Robin is notified of this Court's order, the Court will direct the Clerk of the Court to send a copy of this order to Attorney Robin.

Under the Court's Local Rules, *pro se* parties are required to "file and serve paper documents" and "may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Local Rule 133(b)(2) (emphasis omitted). Any request for an exception to this rule must be submitted as a stipulation between the parties or a "written motion[ ] setting out an explanation of reasons for the exception." Local Rule 133(b)(3). It is within the Court's discretion to grant or deny such a request. *Reddy v. Precyse Solutions LLC*, 2013 WL 2603413, at *3 (E.D. Cal. June 11, 2013).

The Court will deny Plaintiff's motion to e-file documents. This case is closed and the Court is recommending that Plaintiff's motion for relief from judgment be denied so that the case will not continue.

## V.     MOTION FOR RELIEF FROM JUDGMENT

Federal Rule of Civil Procedure 60 provides circumstances warranting relief from judgment, including the following:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Plaintiff's motion first relies on Rule 60(b)(3), stating "that his former counsel's misconduct, negligence, and potential fraud deprived him of a fair opportunity to litigate his claims," as he "was misled into believing he faced financial ruin and potential prison time if he did not sign the dismissal." (ECF No. 21, p. 2). Defendant argues that Plaintiff cannot prevail under this Rule because "Plaintiff has not alleged any fraud, misrepresentation, or misconduct by Defendant or its counsel," rather, his allegations are aimed at his own counsel, Attorney Robin. (ECF No. 26, p. 7).

The Court agrees with Defendant. As noted above, Rule 60(b)(3) requires fraud or

6

misconduct by the "opposing party," here, Defendant. As the Ninth Circuit has noted, Rule 60(b)(3) does not extend to allegations against a party's own attorney.

> Thus, in order to prevail on a Rule 60(b)(3) motion, the defendants must have committed the fraud at issue. Here, however, [Plaintniff's attorney (Nygaard)] represented [Plaintiff] Latshaw herself, not an adverse party. Meanwhile, the defendants were innocent bystanders. Since Nygaard's alleged fraud adversely affected only her own client, Latshaw cannot satisfy the express "adverse party" requirement of Rule 60(b)(3).

*Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1102 (9th Cir. 2006) (addressing prior version of Rule 60(b)(3) that permitted relief "from a final judgment ... for ... fraud ... or other misconduct of an adverse party"); *see Miletak v. AT&T Servs., Inc.*, No. C-12-5326 EMC, 2015 WL 13949449, at *1 (N.D. Cal. July 2, 2015) ("Rather, Miletak claims that his own attorney defrauded him by failing to disclose that he did not have professional liability insurance and by refusing to immediately withdraw from representing Miletak upon Miletak's request. Even if this conduct could be called fraudulent, Miletak's attorney is not an "opposing party," and thus Miletak is not eligible for relief under Rule 60(b)(3).").

Accordingly, Rule 60(b)(3) provides no basis for relief based on Plaintiff's allegations that his attorney committed fraud or otherwise engaged in misconduct.

Plaintiff's motion next relies on Rule 60(b)(6), stating that "Plaintiff's coerced dismissal of his claims due to his attorney's impaired and unethical behavior constitutes precisely the type of extraordinary circumstance where relief is warranted." (ECF No. 21, p. 3). Defendant argues that extraordinary circumstances are not present here because "Plaintiff had ample opportunity to avoid dismissal by simply refusing to dismiss the case and/or retaining new counsel," and "[i]nstead, Plaintiff explicitly agreed to dismissal with prejudice on the advice/consultation of not one but two different attorneys (Mr. Robin and Mr. Helsel)." (ECF No. 26, p. 9).

The Court agrees with Defendant. First, "[g]enerally speaking, Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge that corrects prior erroneous legal advice of counsel." *Latshaw*, 452 F.3d at 1099. Accordingly, even if Attorney Robin provided Plaintiff incorrect legal advice regarding his potential liability in order to convince him to dismiss his case, that does not automatically provide extraordinary circumstances for Plaintiff

7

to reopen his case.

Second, Plaintiff has failed to show extraordinary circumstances preventing him from seeking earlier, more timely relief. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (Under this Rule, "relief is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief."). As Defendant points out, Plaintiff recognized Mr. Robin's alleged misconduct at his deposition in October 2024. (ECF No. 25, p. 8; ECF No. 23, p. 1). In fact, Plaintiff's declaration alleges that Mr. Robin exhibited "an overall disposition where [Plaintiff] did not think he was effectively representing [Plaintiff.]" (ECF No. 23, p. 1). Despite these concerns, Plaintiff concedes that he agreed to dismiss his case, which occurred on December 3, 2024, with this dismissal occurring after Plaintiff consulted with an additional attorney, Mr. Helsel. (ECF No. 27, p. 5). While Plaintiff contends that he did not have sufficient opportunity to evaluate the dismissal, and characterizes his agreement as uninformed, involuntary, and coerced, his allegations fail to rise to the "extraordinary circumstances" required to obtain relief under Rule 60(b)(6).

Moreover, as the Ninth Circuit explained in *Latshaw*, 452 F.3d at 1101, the remedy for attorney misconduct lies in a malpractice claim rather than relief from judgment:

> We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims.

*Id.* at 1101.

Accordingly, Plaintiff's allegations against Attorney Robin do not provide a basis from relief from judgment.

## VI.     CONCLUSION, ORDER, AND RECOMMENDATIONS

For the reasons given above, IT IS ORDERED as follows:

1. Plaintiff's motion to remove his counsel on the record and for Plaintiff to be substituted *in pro per* is granted. (ECF No. 31).

    a. The Clerk of the Court is directed to remove Attorney Robin from the docket and

reflect that Plaintiff proceeds *pro se*.

  b. The Clerk of the Court is directed to send this order to Attorney Robin.

2. Plaintiff's motion to e-file documents is denied. (ECF No. 30).

Further, IT IS RECOMMENDED that Plaintiff's motion for relief from judgment be denied. (ECF No. 21)

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

 Dated: **December 29, 2025**   /s/ *Erica P. Grosjean*
                UNITED STATES MAGISTRATE JUDGE